[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16670
Non-Argument Calendar

_____

Agency No. A079-477-494

RENE JERONIMO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 27, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Rene Jeronimo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") denial of cancellation of removal, pursuant to Immigration and Nationality Act ("INA") § 240A(b)(1)(A), 8 U.S.C. § 1229b(b)(1)(A). For the reasons set forth below, we deny the petition.

## I.

Jeronimo entered the United States without inspection on February 15, 1996. He submitted an application for asylum and withholding of removal. The application form instructed him that, "Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn." On December 1, 2004, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging that Jeronimo was removable as an alien present without being admitted or paroled, pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).

Thereafter, Jeronimo withdrew his application for asylum and withholding of removal and submitted an application for cancellation of removal. At a hearing, the government made an oral motion to pretermit Jeronimo's motion for cancellation of removal. The Immigration Judge ("IJ") granted the government's oral motion and denied Jeronimo cancellation of removal, reasoning that the NTA was served within ten years' of Jeronimo's entry into the United States, such that he was ineligible for cancellation of removal, pursuant to INA § 240A(d)(1), 8

2

U.S.C. § 1229b(d)(1).

Jeronimo, with the aid of counsel, appealed to the BIA, arguing that application of this time-stop rule to an asylum-seeker such as himself (1) was a sanction that violated the Administrative Procedures Act ("APA"); (2) set up a scenario wherein the DHS could abuse the removal process by serving an NTA on a vulnerable asylum-seeker who was just shy of accruing the requisite ten years' continuous physical presence in the United States for cancellation-of-removal purposes and, thereby, forever preclude him from seeking this form of relief; and (3) violated his due process right to notice and an opportunity to be heard upon being assessed a negative penalty. The BIA dismissed the appeal, reasoning that the IJ had correctly applied the time-stop rule and noting that the application form instructed Jeronimo that the information provided could serve as the basis for the institution of removal proceedings.

## II.

When the BIA affirms the IJ's decision, but issues a separate opinion, as here, we review the BIA's opinion "except to the extent that [the BIA] expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal determinations de novo and factual determinations under the "substantial evidence test." See D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004); Al Najjar, 257 F.3d at 1283-84. Under this test, which

is "highly deferential," we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted).

Pursuant to INA § 240A(b)(1)(A), 8 U.S.C. § 1229b(b)(1)(A), "[t]he Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain offenses]; and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Regarding the requisite ten years' continuous physical presence, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a [NTA]." INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1).

## III.

As an initial matter, substantial evidence supports the BIA's finding that Jeronimo was ineligible for cancellation of removal because he had not established the requisite ten years' continuous physical presence in the United States. See INA

4

§§ 240A(b)(1)(A), (d)(1), 8 U.S.C. §§ 1229b(b)(1)(A), (d)(1); Al Najjar, 257 F.3d at 1283-84.  Jeronimo arrived in the United States on February 15, 1996, and the NTA was served less than ten years later, on December 1, 2004.  See id.  Jeronimo does not dispute this point.

Rather, Jeronimo argues that the instant application of the time-stop rule violated the APA, represented an abuse of the system by the DHS, and violated his due process rights.  First, Jeronimo's APA-argument lacks merit, as the Supreme Court has held that the provisions of the APA do not apply in immigration proceedings because they have been supplanted by the INA.  See Ardestani v. INS, 502 U.S. 129, 132-34, 112 S.Ct. 515, 518-19, 116 L.Ed.2d 496 (1991) ("Congress intended the provisions of the Immigration and Nationality Act of 1952 (INA), 66 Stat. 163, as amended, 8 U.S.C. 1101 et seq., to supplant the APA in immigration proceedings").  Also, Jeronimo's argument that the DHS abused the removal process by serving an NTA on a vulnerable asylum-seeker who was just shy of accruing the requisite ten years' continuous physical presence in the United States for cancellation-of-removal purposes is without merit, as the application form put Jeronimo on notice that the information he provided could lead to an NTA, and as initiating removal proceedings on aliens without authority to remain in the United States is part and parcel of the DHS's authority.  Furthermore, Jeronimo's due-process argument is without merit,  as this Court has held that, because

5

cancellation of removal is a form of discretionary relief, an alien has no constitutionally protected right to that form of relief. See Mohammed v. Ashcroft, 261 F.3d 1244, 1250-51(11th Cir. 20001). Accordingly, the BIA did not err in denying cancellation of removal, and we deny the petition. See D-Muhumed, 388 F.3d at 817.

**PETITION DENIED.**